UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-cr-98-DBH |
| | ) | |
| TRAVIS P. SOULE, | ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION TO APPOINT COUNSEL**

The defendant, through counsel he previously retained, has filed a motion for court appointed counsel, namely, the same counsel, meaning that he now wants the taxpayer to pay for his lawyer. Mot. for Court Appointment (Docket Item 43). The motion says that "[c]ounsel has expended all of the resources made available by Mr. Soule due to an unforeseen investment of time in the pre-trial discovery process," and that the defendant has had a job change. Id. at 1. The motion requests that the same lawyer previously retained by the defendant for a fee now become court-appointed and that his appointment be retroactive to January 19, 2012,[1] "the date of Mr. Soule's most recent and lengthy time commitment in this matter and one for which Mr. Soule cannot compensate him." Id.

---

[1] I conducted a pre-sentence conference on October 12, 2011, and counsel estimated then that 90 minutes would be adequate for the sentencing proceeding, which is all that remains. The sentencing has been continued more than once since then for various reasons. But the docket does not reveal what happened on January 19, 2012, to prompt the current motion.

The motion is **DENIED**. See United States v. Rodriguez-Baquero, 660 F. Supp. 259, 261 (D. Me. 1987) ("The Criminal Justice Act is not a form of federal fee insurance guaranteeing payment to counsel for the failure of his retained client to honor a fee agreement.") (quoting United States v. Thompson, 361 F. Supp. 879, 887 (D.D.C. 1973)).  The motion shows me no reason why I should deviate from that principle here.

**SO ORDERED.**

**DATED THIS 9TH DAY OF FEBRUARY, 2012**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**